# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | | |
|---|---|---|
| **TRAVIS LUBOM COOPER** | * | **CIVIL ACTION NO. 06-0009-P** |
| **VERSUS** | * | **JUDGE WALTER** |
| **CADDO CORRECTIONAL CENTER, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, are cross-motions for summary judgment filed by pro se plaintiff, Travis Cooper [doc. # 33], and defendants, Deputy William Kline and Caddo Parish Sheriff, Steve Prator (incorrectly named in the complaint as Caddo Correctional Center) [doc. # 36]. For reasons assigned below, it is recommended that defendants' motion for summary judgment be **GRANTED**, and that plaintiff's motion for summary judgment be **DENIED**.

## PROCEDURAL HISTORY

At all relevant times, Travis Cooper was incarcerated at the Caddo Correctional Center. Cooper alleges that on September 1, 2005, Deputy Kline touched him on the buttocks while he was urinating in his cell. (*See*, Complaint). Cooper further alleges that Kline threatened sanctions unless Cooper complied with Kline's additional demand that he expose his genital area. *Id*. After Cooper protested and stepped aside, Kline left the cell. *Id*.

A few days later, Cooper filed an Administrative Remedy Request with the Caddo Parish Sheriff's Office, Corrections Bureau. (*See*, Complaint, Attach.). In his Request, Cooper asked to speak to a detective so that he could press charges against Deputy Kline. *Id*. Cooper's request was granted, and a detective was instructed to contact him. *Id*. However, this relief did not fully

placate Cooper, and on January 3, 2006, he filed the instant civil rights action for monetary damages under 42 U.S.C. § 1983.[1] Made defendants were Caddo Parish Sheriff, Steve Prator (incorrectly named, Caddo Correctional Center) and Deputy Kline. By order dated August 30, 2006, the parties were directed to each file a motion for summary judgment or a statement of issues. (*See*, August 30, 2006, Memorandum Order). On September 22, 2006, plaintiff filed a motion for summary judgment expounding upon the allegations in his complaint. [Doc. # 33]. On September 29, 2006, defendants filed their own motion for summary judgment seeking dismissal of plaintiff's claims as a matter of law. [Doc. # 36]. The briefing period has since elapsed, and the matter is now before the court.

## Summary Judgment Principles

Summary judgment is proper if the movant demonstrates that "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; *Lechuga v. Southern Pacific Transp. Co.*, 949 F.2d 790 (5th Cir. 1992). "In order to defeat a properly supported motion for summary judgment, the nonmoving party must direct the court's attention to admissible evidence in the record which demonstrates that it can satisfy a 'fair-minded jury' that it is entitled to a verdict in its favor."[2] *ContiCommodity Services, Inc. v. Ragan*, 63 F.3d 438, 441 (5th Cir. 1995)(citing, *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257 (5th Cir. 1991)).

In response to a properly supported motion for summary judgment, the non-movant may

---

[1] Plaintiff's motion for summary judgment included language indicating that he may also be seeking injunctive relief for increased officer training and use of surveillance cameras. (*See*, Pl. Supp. Memo., pg. 1).

[2] In this non-jury case, the trier of fact would be the court.

2

not rest upon the mere allegations or denials contained in his pleadings, but instead must set forth, by affidavit or otherwise, the specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). In other words, once the moving party points to an absence of evidence in the nonmoving party's case, the nonmovant must come forward with summary judgment evidence sufficient, such that if introduced at trial, it would suffice to prevent a directed verdict against the nonmovant. *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).

## Law and Analysis

In his complaint, Cooper did not identify the constitutional provisions which defendants purportedly transgressed. However, in his motion for summary judgment, he clarified that he was seeking to uphold his Eighth Amendment right to be free from cruel and unusual punishment. (Pl. MSJ, pg. 1).[3]

A two-part test determines whether a prisoner has established a violation of the Eighth Amendment. *Harper v. Showers*, 174 F.3d 716, 719 -720 (5th Cir. 1999)(citations omitted). The first component is objective, and requires the prisoner to demonstrate that the alleged deprivation was sufficiently serious. *Washington, supra* (citing, *Harper*, 174 F.3d at 719-720). The second part is subjective, and to succeed thereunder the prisoner must establish that "the responsible prison officials acted with deliberate indifference to his conditions of confinement." *Harper, supra* (citation omitted).

In the case *sub judice*, Cooper cannot satisfy the first part of the test. In his deposition, he stated that Deputy Kline grabbed his buttocks on one occasion for 30 to 40 seconds. (Cooper

---

[3] Indeed, other courts that have considered sexual battery cases have analyzed them under the Eighth Amendment. *See e.g.*, *Copeland v. Nunan*, 2001 WL 274738 (5th Cir. 2001)(unpubl.); *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997); and *Washington v. City of Shreveport*, 2006 WL 1778756 (W.D. La. 6/26/2006).

Depo., pg. 15; Def. Exh. A).[4]  Cooper further admitted that Kline has not touched him before, or since the September 1, 2005, incident. *Id.* at pgs. 20-22. Instead, plaintiff stated that in earlier encounters, Kline had uttered sexually connotative remarks, such as complimenting his physique. *Id.* at pg. 20-21. After the September 21, incident, Kline told Cooper that he would ensure that he did not get out of jail. *Id.* at pgs. 21-22.

For purposes of these motions, the court credits plaintiff's factual allegations. Yet even so, this case's single, brief physical contact and associated verbal harassment are not sufficiently serious and pervasive to permit redress under the constitution.[5] This determination is in accord with other decisions involving not just one, but multiple instances of sexual battery by prison officials. *See, Copeland, supra* (inmate suffered unwanted touchings); *Boddie, supra* (inmate was verbally harassed, fondled, and pressed against without his consent); *Washington, supra* (inmate's breast was fondled, her inner thigh was touched, and sexual remarks made); and *Buckley v. Dallas County*, 2000 WL 502845 (N. D. Tex. 4/27/200)(inmate's genitals fondled during patdown(s)). Moreover, Cooper's exposure to verbal sexual harassment and verbal abuse does not present an actionable claim under § 1983. *Jane Doe 5 v. City of Haltom City*, 2004 WL 1777253 (5th Cir. 2004)(unpubl.); *Bender v. Brumley*, 1 F.3d 271, 274 (5th Cir. 1993). To the extent that Cooper complains of threats of retaliation by Deputy Kline, the court observes that threats without a resulting constitutional deprivation do not support a § 1983 claim. *Lamar v.*

---

[4] Cooper may have overestimated the length of time that the contact lasted. He explained that it lasted only as long as it takes to grab someone. *Id.*

[5] Cooper's resulting psychological injury also does not appear significant. He alleges that since the incident he has felt insecure about his manhood and he lashes out at people. (Cooper Depo., pg. 16). Yet, in the past year, Cooper sought counseling on only five occasions. *Id.* at pgs. 16-17; *see Washington, supra* (inmate sought counseling on two occasions).

4

*Steele*, 698 F.2d 1286 (5th Cir. 1983).[6]

Cooper's claim for monetary damages is further subject to dismissal due to the lack of any physical injury. The Prison Litigation Reform Act states in pertinent part that "[n]o [f]ederal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C.A. § 1997e(e). The Fifth Circuit has equated § 1997e(e)'s "physical injury" requirement with the standard used under the Eighth Amendment; that is, an injury that is more than *de minimis*, but not necessarily significant. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). In the case *sub judice*, Cooper acknowledged that he did not suffer any physical injuries or physical damage. (Cooper Depo., pg. 13). An offensive grabbing is *de minimis*. *See, Siglar, supra* (a sore, bruised ear lasting for three days was *de minimis*).

In sum, plaintiff has not stated an actionable § 1983 claim against Deputy Kline. Moreover, in the absence of any underlying constitutional violation, no § 1983 liability can attach against the Sheriff. *Washington, supra* (citing, *City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 1573 (1986) and *Trigalet v. City of Tulsa, Oklahoma*, 239 F.3d 1150, 1156 (10th Cir.2001)).[7]

This court hastens to point out that it by no means condones defendant's lascivious and obscene behavior -- if true. Rather, today's decision merely recognizes that defendants' conduct does not reach constitutional proportions. Towards this end, the court notes that plaintiff's

---

[6] There are also no allegations or evidence that Kline acted upon any of his alleged threats. (*See*, Cooper Depo., pgs. 22-24).

[7] In any event, the uncontroverted evidence establishes that the Sheriff does not have a policy or custom of condoning sexual interaction or banter between deputies and inmates. (*See*, Affidavit of Rick Farris; Def. Exh. A).

5

factual allegations arguably state a claim for battery against defendant(s) under state tort law. (*See*, Complaint). Yet, having resolved the claims which provided the sole basis for original subject matter jurisdiction, the court declines to exercise supplemental jurisdiction over any remaining state law claims. 28 U.S.C. § 1367(c).[8] Plaintiff may pursue his state law claims in state court.[9]

For the foregoing reasons, the undersigned finds that there is no genuine issue as to any material fact and that defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56. Accordingly,

**IT IS RECOMMENDED** that defendants' motion for summary judgment [doc. # 36] be **GRANTED**, and that plaintiff's federal law claims be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that plaintiff's remaining state law claims be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that plaintiff's cross-motion for summary judgment [doc. # 33] be **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

---

[8] There is no indication that this case presents diversity jurisdiction, 28 U.S.C. § 1332.

[9] The prescriptive period is tolled during the pendency of this suit and for 30 days after dismissal. *See*, 28 U.S.C. § 1367(d).

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 11th day of January, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE